1706 and number 22-1715 Edgar A. Reyes-Colon v. Banco Popular de Puerto Rico et al. At this time would counsel for the appellant please introduce himself on the record. May it please the court. Barry Blum from Venable LLP for the appellant. Dr. Edgar Reyes-Colon and I reserve three minutes for rebuttal. You may. Thank you. Your honors, these two consolidated appeals turn on two questions really and although we're appealing two different rulings they really do raise the same subject matter jurisdictional questions and both therefore are reviewed de novo. First, does a bankruptcy court have jurisdiction under 28 U.S.C. 1334B over two claims created by section 303I of the bankruptcy code? A 303I1 fee claim which is case 1706 and a 303I2 bad faith claim which is case 1715. Both of which the appellate conceded below are core proceedings. The answer to that question is yes. And the second question is may a bankruptcy court abdicate or disclaim or relinquish its jurisdiction under 1334B simply by dismissing the involuntary petition without expressly reserving jurisdiction over 303I claims? And the answer to that is no. So here neither lower court discussed their arising under or arising in jurisdiction under 1334B. Instead both concluded there was no jurisdiction over the 303I claims because the bankruptcy court simply did not reserve jurisdiction when it entered its dismissal order in 2016. That's an approach of just not looking at the statute but relying on a jurisdictional retention provision. That's an approach that this court described as erroneous in the Gupta versus Quincy Medical Center case. As Judge Keada recently wrote in the financial oversight board case in August of this year, Gupta explains that 1334B gives rise to three forms of original bankruptcy court Title 11 jurisdiction including arising under jurisdiction when the bankruptcy court itself creates, when the bankruptcy code itself creates the cause of action which is the case for statutory claims under 303I. And arising in jurisdiction over claims which even if not expressly created by the code would have no existence outside of bankruptcy. 303I1 and 2 claims are exclusively bankruptcy statutory causes of action. They're authorized and set out only in section 303 of the bankruptcy code and both expressly exist only, quote, if the court dismisses a petition under section 303. So 303I claims can be filed only in bankruptcy court, only in connection with an involuntary bankruptcy case, and only when an involuntary petition has been dismissed. In fact, the claims do not arise until after the involuntary petition has been dismissed. And they have been described as the exclusive remedy for regulating a bankruptcy process. What about the timing issue? The timing issue? Well, the timing issue in the case was remanded to the bankruptcy court in June of 2019. The 303I motion and the adversary complaint were 1 or 2. There's case law that says that in fact a 303I claims are not subject to a statute of limitation within the code itself or drawn from case law, but they just need to be brought within a reasonable time. That's the NMI bankruptcy out of the Eastern District of Pennsylvania talks through that issue. Do you have a, are you taking a position on that question on appeal as to what the timing is? We're not, Your Honor, because that wasn't a basis of the bankruptcy court's ruling. The bankruptcy court, we believe it was reasonable. A 303I2 claim, for example, the bad faith claim, is the case law in discussing the jury trial issues that it's analogous to a sort of a malicious prosecution claim. It was filed within one year. There's no, I don't think there's any statute of limitation that you could draw on that would say you have to file it in less than one year. But it's whether it's in a reasonable time. But the bankruptcy court, which is being ruled on in 1706, the bankruptcy does not address that. It says I don't have jurisdiction because I did not reserve jurisdiction. The district court did the same thing despite having it in a different procedural posture, right, on a motion to withdraw the reference. The court denied the reference. But then in Congress, they kind of ruled on the merits by dismissing the case, but not on the timing difference between the remand in 2019 and the filing of these motion, or these 303I claims in 2020. So are you not asking us to rule that the motion was timely? You're simply asking us to rule that the bankruptcy court certainly had jurisdiction to entertain the matter, and the test that should have applied is reasonableness, then stop? Well, now we are arguing on the, that the motion to withdraw the reference in 1715 was timely. But could you stick to the first issue? Because I think that's what Judge Chiara's question was about. The, well, in 1706, the motion, the 303I1 motion for attorney's fees, yes, we believe it was timely. It was filed within a reasonable time. And as the case law says... But that's not what I think we're just hearing. The question was, are you asking us to rule on whether it was timely? Or are you simply asking us to conclude that the ground for you losing in the district court was erroneous because it was based on an erroneous jurisdictional hold? Well, I am arguing the second part. But we have not really the issue of the reasonableness because it was not a basis for the bankruptcy court ruling. However, I believe the court should rule, adopt the reasonableness rule and find that it was reasonableness. But are you, just want to separate out, I get that you're making the argument about a rising under, so the jurisdictional ruling was wrong. There's two subsequent issues, one of which is, what is the rule with respect to any time limitation? And then secondly, did you satisfy it? Yes. Your position is that the rule is just a reasonableness rule? Yes. Okay. Are you asking us to decide that, even if you're not asking us to decide whether it was reasonable? Or are you also not asking us to decide that and you just, all you really are doing is appealing the jurisdictional ruling? Man, you can all figure it out for yourselves below what the time limits are. Well, Your Honor, with respect, if I may, with respect to 1715, which is the bad faith claim under 303 I-2, we are asking that the court rule that the 303 I-2 claim, the court had jurisdiction over, and it was timely. It was filed within less than a year of the court's remand, which is what is the basis for what the limitations period is for that? Well, actually, as the case list says, the NMI bankruptcy case, which are cited, and other decisions said that there is no time period. There is no statutory time period within the bankruptcy code, within 303 I-1 or 2. It doesn't say you have to bring it within a certain period. And what about the fact that it's a contested matter and that might, is this a contested matter? It is a, it is a, actually, 303 I-1 and 303 I-2 are independent causes of action that are created by the bankruptcy code that come into being only after the involuntary petition is dismissed. There's peculiarities here. Is it a contested matter? 303, the bankruptcy case would be the 303 I-1, the motion. It could be a contested matter. 303 I-2 is an adversary proceeding that is filed in the bankruptcy court and that we then removed because we demanded a jury trial. It can be an adversarial proceeding post the dismissal? It has to be filed, Your Honor. Yes. Again, it's a peculiarities of an involuntary bankruptcy. The reason I'm asking this is if it's a contested matter or if it's an adversarial proceeding, then that sort of kicks you into some rules that start to have time limits. Well, Your Honor, no, we do not believe it is a contested matter for that purposes, that purpose because as the courts, the courts have said, several courts have said that there is no, because of the peculiar nature of the involuntary process where these independent causes of action created by the bankruptcy code come into being only upon the dismissal of the which a dismissal of a voluntary case generally puts an end to bankruptcy. It's just the code seems to have contested matters and adversarial proceedings, and it doesn't seem to contemplate a third category. Well, we believe that the 303 I-2 is an adversary, is treated as an adversary proceeding, which is how you, the courts discuss, you have to bring a 303 I-2 bad faith complaint for damages. And the 303 I-1 is an independent cause of action, and we would submit that is also, although that's filed as a motion in the bankruptcy court. The bankruptcy court does have jurisdiction over a 303 I-1 motion. It would have jurisdiction under a 303 I-2 bad faith claim, except for the fact that there was a right to a jury trial, which was not consented to, which is why the reference would be withdrawn. So, we have here in 303 I a statute passed by Congress that says you can ask the court to grant you judgment for certain relief. Yes. And it doesn't tell you in the statute when you have to do it. Does not, does not. Isn't there a lot of case law? Isn't the general rule that when Congress creates a statute, it creates a cause of action. If it doesn't say a time limit, we read into the statute the most analogous time limit in the state jurisdiction. We do that with 1983. We do that, I think, with ERISA, and I'm sure there are other areas. Yes, Your Honor. Generally, right. It is a common practice for the courts to read into a federal cause of action, some analogous state court. Correct. And that would certainly, that might apply specifically to the 303 I-2 bad faith claim, which the courts have said are analogous to malicious prosecution claims. But it, the. But you asked for a reasonableness. Well. And let me tell you what bothers me about that is I don't know what it is, and I don't know how litigants would know what it is. So, no one's, no one knows if they have repose or don't have repose, and no one knows if they're late or they're timely until after the fact. Fair enough, Your Honor. In the NMI bankruptcy case, which is, I'm sorry, from the Eastern District of Pennsylvania, the court said, explained that because there is no specific time limit in 303 I, either one or two, you do go toward a reasonableness and then laid out a test, and with some other cases cited, laid out a test of is, can the other party show prejudice from the delay, et cetera. I think an important issue on this case is that despite the clerical administrative closure, the bankruptcy case was still going on. The judge was still hearing other cases, which was the appellee's sanctions claim against the third party, and there's no, been no showing of prejudice. If, presumably, if on remand, because the court has jurisdiction, might the bankruptcy judge consider a reasonableness argument? If we thought the reasonableness argument didn't make sense, and let's say we thought the right thing to do is borrow the state statute limitations for the I-2 claim, it would be harder to say that that is the right approach to the I-1 claim, I take it you're impliedly saying, because it's not really a cause of action, in the same way that the I-2 looks like one. Exactly. Okay, so for the I-1 claim, or the provision in I-1, I just want to go back a step and make sure I understand how we know there is not a time limit. If it is a contested matter, doesn't that start to kick you into some rules that set forth time limits for filing contested motions and contested matters, and there's the thing about prevailing party fees within 14 days and all of that, and why does none of that apply? Well, Your Honor, because the, as noted, the difference here is that this is not a typical prevailing party statute based on a contract, or even actually a different federal statute. As the courts have held in several instances, from the Ninth Circuit BAP and other courts, a claim under 303I is actually a substantive law that creates an independent claim for damages in the form of attorney's fees under I-1, and for damages, including punitive damages under I-2. But under I-1, it's an independent substantive cause of action. It's not something that's attendant to the dismissal. In fact, Is it the simple answer, you can't file a contested matter after the dismissal of the bankruptcy proceeding? Well, but again, for that reason, Your Honor, it's not a contested matter because, That's the point. The case law, right, the case law, right, it's not. I-1 is not a contested matter. We don't believe it is because it can only be filed after dismissal. And then aren't there time limits for, so what is it? What is I-1, then, if it's not a contested matter, in your view? It's actually an independent substantive cause of action for attorney's fees, for damages in the form of attorney's fees, that arises under the bankruptcy code, specifically and only, and only exists once, the case law is very clear, that a 303-I-1 claim only exists once the case has been dismissed. So it can't be a contested matter in that context. It is an independent substantive claim for attorney's fees, damages as attorney's fees. And I see my time has exceeded. Thank you, counsel. At this time, would counsel for the appellee, please introduce themselves on the record to begin. Good morning. May it please the court, Robert Torres-Agued on behalf of the appellees. I do believe that the timeliness issue is critical in this case, because although it's not in appellant's brief or the reply brief, we see on the record that the only excuse given for not filing a motion for relief under section 303-I, after the case was dismissed, it was under the argument that the Sys Corp of Appeals had still not decided whether to reverse the district court's decision, which in turn reversed the dismissal of involuntary bankruptcy. And that is, as a matter of law, incorrect. Issues of attorney's fees, be it statutory attorney's fees, contractual attorney's fees, or attorney's fees under Rule 54, are collateral and independent from the merits of an appeal. So therefore, once the banks had appealed the bankruptcy court order dismissing the involuntary bankruptcy petition, that did not prevent the appellant, Dr. Regis, from seeking attorney's fees, costs, and damages under section 303-I. In fact, this has been stated by the U.S. Supreme Court in the Budenich decision in 1988, and then the Ray Halluch decision in 2014. And what's your view of the timeliness? My view of the timeliness, Your Honor, is that it's very simple. Once the bankruptcy court dismissed the involuntary petition on September 2nd, and on even date, retained jurisdiction to address discovery violations of a third party and an inquiry against Banco Popular, Dr. Regis, under Rule 9024, which incorporates by reference Rule of Civil Procedure 60, had a reasonable time to ask the bankruptcy court to amend the order retaining jurisdiction to retain jurisdiction on the issue of section 303-I. So your position is he would have had to file that motion first, then proceed on a motion for attorney's fees? Correct, because the bankruptcy court had exercised its discretion after more than 10 years of litigation to only retain jurisdiction on the issue of discovery violations and an issue of an inquiry against Banco Popular. But if Congress gave the court jurisdiction under 303-I, it doesn't need to retain it. In other words, don't we have a federal statute that says bankruptcy court, after judgment, you can do this? Well, under section 303-I, Your Honor, doesn't create an independent cause of action. Well, sure, it says you can ask the bankruptcy court to enter judgment for two forms of relief, at least. Correct, it may, but since bankruptcy court jurisdiction is not eternal and the bankruptcy court repeatedly said during trial, I may retain jurisdiction on the issue of discovery violations of Dr. Quintero and Dr. Regis. Everyone wants to read things into statutes that aren't there today, but are you saying that we should read into 303, 303 or 301? 303. 303-I. If you're saying we should read into 303-I implicitly that those are available to a bankruptcy court that has jurisdiction independently of it, is that the idea? Yes, a bankruptcy court has jurisdiction under 303-I in an involuntary case, and it may retain jurisdiction after the case is... But you're saying that in the absence of it doing that, 303-I isn't giving it jurisdiction? No, I know... What supports that? What text supports that? You just read 303-I, it doesn't seem to say anything about that. It just says, here's what a bankruptcy court can do. Correct. So how do we know that you're right, that actually the right way to read that is you can only do that when you've retained jurisdiction? Because not only does section 303-I doesn't create an independent cause of action, but the color, the treaties of color says that the prayer for release must be made in connection with the underlying proceeding in the bankruptcy court. So that means that if you're examining all the bankruptcy court cases, the involuntary debtor, when filing a motion for summary judgment or a motion to dismiss, also requests as part of the prayer for relief, section 303-I, relief. So back to the language of the statute, I think, are you saying that we should read it where it says, if the court dismisses a petition, the court may grant judgment? Are you saying we should read this as saying, the court may grant judgment when it's dismissing, but not afterwards? Correct. Because once a bankruptcy court case is dismissed, then the involuntary debtor has the right to seek relief under section 303-I, because what triggers section 303-I is a dismissal. But if we were to adopt that reading, then we would force parties who think they should be entitled to a reasonable attorney's fees of punitive damages for a bad faith involuntary petition, to anticipate that they're going to win on getting dismissed, brief and file everything to the court, all before you even know whether you're entitled to do so. And that's exactly right, because even the statute allows for the involuntary debtor to ask the bankruptcy court for a bond, to ask the petition creators to post a bond to secure the cost attorney fees and possible damages that may be assessed after the involuntary petition is dismissed. And is, you tell me if this is right, if this were right, would that potentially draw some support? Because it would provide an explanation for why there is no time limit in 303-I. Because effectively, the notice concern would be taken care of because you would have already apprised the other party that you might be seeking it. Correct. And that is why the 303-I also it makes sure that the only 303-I is triggered if there's no consent to the dismissal and making sure that the involuntary debtor did not waive his right to seek relief under section 303-I. And based on the record of this case, once the district court dismisses involuntary petition and reserve jurisdiction on other matters that have nothing to do with 303-I, the banks moved to amend that order reserving jurisdiction to limit it to the sanctions against Dr. Quintero exclusively. And Dr. Reyes opposed that motion to amend instead of getting that opportunity to seek the amendment of that order retaining jurisdiction to seek 303-I relief. Because in other words, Dr. Reyes was on notice that the case was already dismissed and therefore he had 14 days. This may be a misplaced question, but if you're right, would that make it a contested matter then? No, it's not a contested matter because the bankruptcy court jurisdiction on 303-I says that the same bankruptcy court may grant judgment either on cost, attorneys and damages. So on your view, what is the time limit? I understand that there's this time limit about reserving jurisdiction, but once that's satisfied, in your view, what is the time limit? At the very least, Your Honor, although the district court discussed the 14-day limit under Local Rule 54, at the very least, under Rule 9024 that incorporates by reference Rule 60, Dr. Reyes had to file a motion for relief within reasonable time, not more than a year under Rule 60. And that year passed. This was filed four years after the voluntary bankruptcy petition was dismissed. So your position is Rule 60 augments or limits the definition of a reasonable time? Yes, Your Honor, and that is supported. It's a bankruptcy decision from the Middle District of Alabama, which is cited in our Pierce v. First Commercial Leasing Court. It's a case very similar to this case. The petition for Rule 303-I relief was filed years after, and the bankruptcy court makes reference to Rule 9024 saying that at the very least, the involuntary debt had a year. Let me see if I'm understanding your argument because it's a little different than I gleaned from the brief. I may have read it too quickly. Are you saying that even if we assume that they had a reasonable time to follow, and even if we assume they had a whole year under a borrowing statute, here they should have acted back when the court first dismissed the involuntary petition, not waiting for all the appeals to run out? Correct, because the appellate process did not... And if that's correct, then it's way more than a year. Yes, the bankruptcy, the appellate process did not stay the proceedings because the issue of the attorney's fees is a collateral matter. In fact... And is that back, are you pointing to March 27, 2007, when there was the first dismissal of the petition? Or are you talking about the later dismissal, September 2, 2017? No, the later dismissal because under the final judgment rule, the case was completely dismissed on September 2, 2016. So as soon as they knew that the involuntary petition was wrong as a final matter, that's when the clock started running, is what you're saying? Correct, and not only that, on the same date that the petition was dismissed, there was an order retaining jurisdiction on very specific matters. But I just want to understand, what about the appeal of that ruling post the dismissal? How do we deal with that? Well, the Bankruptcy Court has jurisdiction to award sanctions under Section 303I, even after an appeal from an order dismissing the case. And I'm citing the Treaties of John Feeney Bankruptcy Law Manual. And that's why I made reference... I'm just trying to understand how it would work. You'd have a bad faith claim and attorney's fees claim running based on a decision that could get overturned? Actually, that is the better view. There's a case, Your Honor, it's from the East District of Pennsylvania, Ingrid Tabaco Road Associates, that says that to avoid piecemeal appeals, the better view is that the Bankruptcy Court rule on the 303I claims as soon as possible, even though the merits of the dismissal decision are on appeal. So that way... So the attorney's fees can then be brought on along with it? Correct, correct. While the Bankruptcy Court was not required to consider the request before final adjustment was entered, it was required to address 303I sanctions issue within a reasonable period of time after the involuntary petition was dismissed. As such, extending the deadline indefinitely was an abuse of discretion. So if Judge Lamothe had extended indefinitely the time for Dr. Reyes to file 303I relief, that would have been an abuse of discretion. Let me ask you on the calendar here. You're pointing to the September 2nd, 2016 order of dismissal as starting the clock. Correct. And then if we had a one-year clock that would go to September 2nd, 2017, but before that date on August 11, the dismissal was reversed by the District Court? I think it was August 29th, yes, correct. So wouldn't that stop the clock? They couldn't file... After the dismissal had been reversed, how could they file a motion? Because a post-judgment request under 303I is a collateral issue that does not toll or affect the merits of the appeal. But once the appeal... Isn't a predicate, the 303 motion, the dismissal of the involuntary petition? Correct. And if the involuntary petition is no longer dismissed, how can you be filing a 303? Because the case law that has dealt with this issue has stated that unless there's an order staying the proceedings, post-judgment issues such as 303I and relief continue. Wouldn't the reversal at least moot it? No, I understand your point, Your Honor. But the issue here is that under Rule 60, not only we're talking about the year rule, so we're talking about reasonable time. It would be strange to be adjudicating the bad faith and fees claim when everybody agrees that the judgment that's the predicate for that conclusion had just been reversed. Because the other predicate, which is paramount here, is that post-judgment attorney fees requests under 303I are separate and collateral. So Dr. Reyes must have filed that relief after the dismissal of the involuntary bankruptcy petition, after knowing that the judge had only retained jurisdiction on a specific matter. If there are no more questions, I respectfully submit my case. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? He has a three-minute rebuttal. What do you say to that? To three minutes rebuttal? No, no. Again, Barry Blum from Venable for the appellant, Dr. Edgar Reyes. The, what I say to that, Your Honor, the appellee's argument, whether we're talking about 14 days or one year or, assumes that one, the bankruptcy court had to reserve jurisdiction over 303I claims. Why is that wrong? Well, because both Gupta from this court and the- Gupta doesn't address the question of whether you can read that arising under the question is, obviously, if it's a rising under, it's a rising under. Yes. What he is saying is, you look at the statute that you're saying makes it a rising under, and that's the statute is susceptible of a reading, which makes it dependent on the bankruptcy court continuing to have jurisdiction. Obviously, if that were true, if it said that, then your argument for a rising under wouldn't be very good. Well, Your Honor- So why is he wrong in saying that's how you should read that text? What Gupta says is that it talks about the arising under jurisdiction, the arising in, and related to jurisdiction in 1334. And then it, in Gupta, actually, the court reserved jurisdiction over a, what turned out to be a state law severance pay claim. And the, this court said, wait a minute, no, you can't hear that claim because it's what the statute, section 1334B, that delineates what the court's bankruptcy subject matter jurisdiction is, not a jurisdictional provision. The court said a court cannot write its own jurisdiction. I'm just asking a simple question. 303i. Yes. The argument from your opponent is that you can read the 303i language to be dependent on the retention of jurisdiction. But there's, there's nothing, the statute says nothing about retention of jurisdiction. He's putting forth a reading that the bankruptcy court may award damages in the forms of attorney's fees if it retains jurisdiction to do so in the dismissal order. It doesn't say that. And, and what, what Gupta says, and also, by the way, the, the Third Circuit's decision in healthcare real estate, which says the same thing, actually in a, in a involuntary proceeding there, the court dismissed an involuntary proceeding and retained jurisdiction only over certain claims. Now, ironically, or coincidentally, they were 303i claims. But the debtor came back and filed a, filed a motion for, or rather filed claims under 303i and 362, which is damages for violation of the automatic stay. The bankruptcy court said, I, I can't hear the 362 claims. I didn't reserve jurisdiction over them. The Third Circuit reversed. And the, what the Third Circuit said was, the Third Circuit said, as a matter arising under the bankruptcy code, right, it doesn't, it, the, the bankruptcy court retained jurisdiction over this 362 claim in that case, even, no matter what the bankruptcy court intended when it dismissed without a reservation of jurisdiction. And even the bankruptcy court on remand acknowledged its error and said, what the Third Circuit said was, I, the court said, I, I didn't entertain these 362 claims, which are because I didn't reserve jurisdiction over them. But the Third Circuit said, because they arise under the bankruptcy code, quote, Congress created subject matter jurisdiction over the action, and it made no difference what jurisdiction the court had purported to reserve. That's the principle that applies here. And that case is in your brief? Yes, it is. Okay. Yeah, it's, it's actually in our reply brief. They cite the bankruptcy court decision that I just read from for a totally different proposition, but yes, it is. Thank you. It's a healthcare, real estate, finance case, and it, it, it's a Third Circuit case, and it, it applies that, that. Thank you. The group, the principles. Thank you. Could you just, if you could provide a 28J letter on the Eastern District of Pennsylvania case that you referred to us to, we'd appreciate it. Oh, you, you, I'm sorry, your opponent. I thought you had a. It is cited in your brief. Pierce is the name? Thanks. Thank you. Thank you, counsel. That concludes argument in this case. We're going to take a five-minute break. All rise.